UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: Richard Campbell, ) <br> ) <br> _____Debtors_____ ) <br> ) <br> Richard Campbell, ) <br> ) <br>       Plaintiffs ) <br> ) <br> vs. ) <br> ) <br> SunTrust Bank, ) <br> ) <br> _____Defendant._____ ) | Chapter 13 <br> Case No. 09-81559 <br><br> Adversary Proceeding <br> 10-9066 |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT
## TO VALUE COLLATERAL

Now comes Defendant SunTrust Bank by and through counsel, and hereby responds to the Complaint as follows:

### FIRST DEFENSE AND MOTION TO DISMISS

The Complaint of Richard Campbell against SunTrust Bank fails to state claims against SunTrust Bank upon which relief can be granted and so should be dismissed pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure as made applicable to the proceeding pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure.

### SECOND DEFENSE

1. Paragraph 1 of the Complaint is admitted.

2. Paragraph 2 of the Complaint makes a statement of the Plaintiff's reason for commencing the action and as such, does not require a response. To the extent a response is required, the statements contained in Paragraph 2 are admitted.

3. Upon review of the Court's docket, the allegations contained in Paragraph 3 of the Complaint are admitted.

4. Paragraph 4 of the Complaint is admitted.

5. Upon information and belief, Paragraph 5 of the Complaint is admitted.

6. Upon information and belief, Paragraph 6 of the Complaint is admitted.

7. Paragraph 7 provides statements to which no responsive pleading is either necessary or required, but to the extent that any responsive pleading is required, such allegations are denied.

8. Paragraph 8 of the Complaint is admitted.

9. Paragraph 9 of the Complaint is denied.

10. Paragraph 10 calls for a legal conclusion and, as such, no response is required. To the extent there are any factual allegations contained in the Paragraph 10, said allegations are denied.

11. The referenced Deed of Trust speaks for itself and no response is required. To the extent an additional response is required, the allegations contained in Paragraph 11 of the Complaint are denied.

12. The referenced Deed of Trust speaks for itself and no response is required. To the extent an additional response is required, the allegations contained in Paragraph 12 of the Complaint are denied.

13. The referenced Deed of Trust speaks for itself and no response is required. To the extent an additional response is required, the allegations contained in Paragraph 13 of the Complaint are denied.

14. Paragraph 14 of the Complaint is admitted.

15. Paragraph 15 of the Complaint is denied.

16. Paragraph 16 calls for a legal conclusion and, as such, no response is required. To the extent there are any factual allegations contained in the Paragraph 16, said allegations are denied.

### THIRD DEFENSE

By way of further Answer, the defendant, SunTrust Bank would show that the real property described in the Plaintiff's Complaint, commonly known as 330 Mill Hill Road, Roxboro, NC (the "Property") has a current appraised tax value of $96,882.00. Upon information and belief, the Property has a true current market value in excess of the amount of the aggregate of the first, second and third liens on the Property. As such, SunTrust Bank would show that it is a fully secured creditor in accordance with 11 U.S. C. § 506 and under any other applicable law.

### FOURTH DEFENSE
### (Reserve Right to Assert Additional Defenses)

Defendant reserves the right to amend its Answer and to assert additional affirmative defenses as the claims of Plaintiff are more fully disclosed during the course of litigation.

WHEREFORE, SunTrust Bank prays to the Court as follows:

1. That Plaintiff's Complaint against SunTrust Bank be dismissed with prejudice;

2. That Plaintiff have and recover nothing of SunTrust Bank;

3. That the Court make a determination that the third deed of trust held by SunTrust Bank is a fully secured claim against the estate;

4. That the Deed of Trust held by SunTrust Bank is fully valid and enforceable;

5. That the costs of this action be taxed against the Plaintiff; and

4. For such other and further relief as the Court deems just and proper.

This the 13th day of August, 2010.

                                                  Respectfully submitted,

                                                  /s/ Rebecca A. Leigh
                                                  Rebecca A. Leigh
                                                  State Bar No. 24820
                                                  Attorney for SunTrust Bank

**OF COUNSEL:**

LAW OFFICES OF REBECCA A. LEIGH, P.A.
301 South Greene Street, Suite 201
Greensboro, North Carolina 27401
Telephone: (336) 389-1800
Facsimile: (336) 389-0060

PARTIES TO BE SERVED
PAGE 1 OF 1
CASE NO. Case No. 09-81559
Adversary Proceeding Case No. 10-9066

I hereby certify that the foregoing **Defendant's Answer to Plaintiff's Complaint to Value Collateral** has been served upon the parties to this action by forwarding a copy thereof by first-class U.S. mail, postage prepaid, or by electronic filing, addressed to the following:

William L. Schwenn
United States Bankruptcy Clerk
101 South Edgeworth Street
Greensboro, North Carolina 27401

Michael D. West, Esquire
U.S. Bankruptcy Administrator
Post Office Box 1828
Greensboro, North Carolina 27402

Richard M. Hutson, II
Chapter 13 Trustee
P.O. Box 3613
Durham, North Carolina 27702

John T. Orcutt
Attorney at Law
6616-203 Six Forks Road
Raleigh, North Carolina 27615

Richard Laverne Campbell, Sr.
330 Mill Hill Road
Roxboro, North Carolina 27574

This the 13th day August, 2010.

/s/ Rebecca A. Leigh
Rebecca A. Leigh; NC Bar No. 24820
Attorney for Defendant
Law Offices of Rebecca A. Leigh
301 S. Greene Street, Suite 201
Greensboro, North Carolina 27401
(336) 389-1800
(336) 389-0060, Fax